Filed 7/21/22  P. v. Gonzalez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C095191 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF211082) |
| v. | |
| PETER ANDRE GONZALEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Peter Andre Gonzalez filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant pleaded no contest to assault with a firearm and admitted he had been convicted of a serious or violent felony.  In exchange for his plea and dismissal of the remaining counts, defendant stipulated he would be sentenced to an upper term sentence of eight years in prison.  Pursuant to a plea agreement, the trial court sentenced him to the stipulated upper term.  We ordered supplemental briefing regarding the application of Senate Bill No. 567 (2021-2022 Reg. Sess.) to defendant's sentence.  Our review of the record revealed the abstract of judgment contains an error and we will order correction of the abstract of judgment.  In all other aspects, we shall affirm.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 11, 2021, Yuba County Sheriff's deputies responded to a call reporting gunshots fired. When they arrived, they obtained surveillance footage of the area. The surveillance footage showed defendant getting out of his car and arguing with the victim and a woman. The woman told defendant to get in his car, so he did. At that point, the victim lifted up the front of his shirt and put his hand in his waistband. He yelled at defendant as defendant drove away. Defendant stopped his car, got out, and fired at the victim. In response, the victim fired several shots back at defendant. Defendant left.

When officers arrested defendant a day later at his residence, officers found a sawed-off shotgun in a locked cabinet in the laundry room and a nylon gun holster in defendant's car. Defendant advised the officers he attempted to hide narcotics in his body cavity and when those drugs were removed at the hospital, he had 21.4 grams of methamphetamine on his person.

The complaint charged defendant with two counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) with a prior felony conviction. The complaint further alleged defendant had a prior serious or violent felony conviction as defined under sections 667, subdivision (d) and 1170.12, subdivision (b).

Defendant pleaded no contest to assault with a firearm (§ 245, subd. (a)(2)) and admitted he had been convicted of a serious or violent felony and was subject to sentencing under sections 667, subdivisions (b) through (j) and 1170.12. In exchange for his plea and dismissal of the remaining counts, defendant stipulated he would be sentenced to an upper term sentence of eight years in state prison, which he agreed was the upper term for the assault count, doubled. At the plea hearing, the trial court asked

---

[1] Further undesignated statutory section citations that follow are to the Penal Code.

defendant, "So do you stipulate now that the strike prior has the effect of doubling the [section] 245? Upper term now, instead of being four years, since you admitted it, it's eight years in the Department of Corrections [and Rehabilitation]." Defendant responded, "Yes."

Prior to the sentencing hearing, defendant requested to withdraw his plea because he claimed his counsel lied to him that the assailant would receive a longer prison sentence than defendant agreed to when in fact the assailant received a six-year sentence. The trial court concluded this was not a basis for the withdrawal of his plea and proceeded to sentencing in accordance with the plea agreement.

Defendant timely appealed.

## DISCUSSION

### I

### *Wende Review*

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Other than the sentencing issue that we discuss *post*, we have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

### II

### *Senate Bill No. 567*

After he was sentenced on September 7, 2021, but while this appeal was pending, the Legislature passed and the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731). Effective on January 1, 2022, that law amends section

3

1170, subdivision (b) to require the trial court to impose a sentence not to exceed the middle term unless the defendant has stipulated to the facts that would justify an upper term sentence or a jury or judge has found those facts to be true. (§ 1170, subd. (b)(2).) Given this new law, we directed the parties to submit supplemental briefing on whether this law affects defendant's sentence and if it does, what is the appropriate remedy. In his supplemental brief, defendant argues the case should be remanded for resentencing because no aggravating factors were proven or stipulated to. The Attorney General agrees Senate Bill No. 567 should be retroactively applied here but argues this law does not benefit defendant because he stipulated to the sentence he received and the court lacks sentencing discretion to change that sentence.

Generally, a penal statute does not apply retroactively unless the legislation expressly states its retroactive effect. (§ 3.) There is an exception to this general rule for statutes reducing criminal punishment which, absent a legislative statement to the contrary, apply retroactively to all cases that were not final when the legislation takes effect. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745.) Under *Estrada*, "when the Legislature enacts a law ameliorating punishment without including an express savings clause or a similar indicator of its intent to apply the law prospectively only, we infer an intent 'that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.' [Citation.] In this category we included cases in which the criminal act was committed before the statute's passage, so long as the judgment is not yet final. [Citation.] Thus, under *Estrada*, ' "[A]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." ' " (*People v. Lara* (2019) 6 Cal.5th 1128, 1134, quoting *Estrada*, at p. 745 & *People v. DeHoyos* (2018) 4 Cal.5th 594, 600.) Nothing in Senate Bill No. 567 suggests a legislative intent that the

4

amendments apply prospectively only. Defendant and the Attorney General agree, as do we, that Senate Bill No. 567 applies retroactively to defendant's case.

The question becomes what impact Senate Bill No. 567 has on defendant's sentence here. In this case the answer is none.

We find the logic of *People v. Brooks* (2020) 58 Cal.App.5th 1099 persuasive. There, the defendant agreed to a stipulated sentence in a plea agreement. (*Id.* at p. 1102.) After he was sentenced, the Legislature enacted section 1170.91, which retroactively required the trial court to consider trauma a defendant suffered as a result of military service as a factor in mitigation when imposing a sentence under section 1170. (*Brooks*, at pp. 1103-1104.) The trial court denied the defendant's petition to recall his sentence pursuant to this new law finding it had no power to resentence him because he had agreed to a stipulated term in his plea agreement. (*Id.* at pp. 1102-1103.) The appellate court affirmed. (*Id.* at p. 1110.) The appellate court concluded because the defendant stipulated to the term of his sentence in his plea agreement, the trial court did not apply judicial discretion at the time it sentenced him, and it had no discretion on resentencing because to do so would unlawfully modify the terms of his plea agreement. (*Id.* at pp. 1106-1107.) Once the trial court accepted the plea agreement, it was required to impose a sentence within the limits of that plea bargain. (*Ibid.*) As a result, when the court sentenced the defendant to that stipulated term it is not exercising its triad sentencing discretion. (*Ibid.*) Put another way, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Id.* at p. 1109.)

Here, the trial court sentenced defendant pursuant to his plea agreement to a stipulated upper term sentence of eight years. The trial court accepted that plea agreement and upon sentencing did not exercise its discretion to impose the lower,

5

middle, or upper term sentence under section 1170, subdivision (b). Rather, the trial court exercised no sentencing discretion other than to sentence defendant to the agreed upon term or reject the plea agreement. Because defendant was not sentenced under section 1170, subdivision (b), the retroactive changes brought about by the enactment of Senate Bill No. 567 do not affect his sentence. We conclude the imposition of an upper term sentence remains proper.

## III

### *Abstract of Judgment Error*

We also note the abstract of judgment contains an error. On the line of the abstract of judgment describing the code, section number, crime, year, date of conviction, convicted by, term, and time imposed, the abstract erroneously states the sentence imposed was eight months instead of eight years. The total time imposed reflected at the bottom of the abstract of judgment is correct. We shall order a correction to the abstract of judgment.

## DISPOSITION

The judgment is affirmed. The trial court clerk is directed to prepare a corrected abstract of judgment showing the sentence imposed was eight years and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
_____
EARL, J.

We concur:

/s/
_____
MAURO, Acting P. J.

/s/
_____
HOCH, J.

6